# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51073
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CECILIO SANDOVAL-GONZALEZ, also known as Cecilio Domicilio Sandoval-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-641-1

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Cecilio Sandoval-Gonzalez pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b). His revised presentence report (PSR) declined to include a three-level decrease to the offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, finding that Sandoval-Gonzalez continued to participate in criminal behavior while

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incarcerated.   On appeal, Sandoval-Gonzalez raises four related arguments. First, he contends that the district court erred in determining that he was not entitled to a three-level decrease to the offense level for acceptance of responsibility.  Second, he argues that the sentencing guideline calculation was "unreasonable" because it was based on "unreliable information" concerning Sandoval-Gonzalez's continuing criminal activity.  In issues three and four, he claims that his sentence was procedurally and substantively unreasonable because it was based on unreliable information.

This court will affirm the district court's decision not to grant a defendant a reduction for acceptance of responsibility unless that decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).  The defendant has the burden of proving entitlement to the reduction.  *United States v. Thomas*, 120 F.3d 564, 574-75 (5th Cir. 1997).  "The district court may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks and citation omitted).  The defendant has the burden of presenting evidence to show that the facts in the PSR are "inaccurate or materially untrue." *United States v. Cervantes*, 706 F.3d 603, 620-21 (5th Cir. 2013) (internal quotation marks and citations omitted).  Here, Sandoval-Gonzalez did not offer any evidence in rebuttal to the PSR, but merely argued that the PSR depended on unreliable and uncreditable hearsay.  Therefore, he failed to meet his burdens to show that the PSR's facts were "inaccurate or materially untrue" or that he was entitled to the reduction.  *See Cervantes*, 706 F.3d at 620-21; *Thomas*, 120 F.3d at 574-75.

No. 17-51073

Sandoval-Gonzalez did not challenge the reasonableness of his sentence in the district court. To show that the district court plainly erred by imposing a procedurally or substantively unreasonable sentence, Sandoval-Gonzalez must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008). This court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332. A discretionary sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Because the district court's reliance on the PSR was not erroneous and its guidelines calculation was correct, Sandoval-Gonzalez has not overcome the presumption of reasonableness. *See id.*

Accordingly, Sandoval-Gonzalez's sentence is AFFIRMED.